## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF ERIE

| | |
|---|---|
| JoAnn Hunter,<br><br>      Plaintiff,<br><br>– against–<br><br><br>Capital Management Services, LP, and<br>Barclays Bank Delaware,<br><br>      Defendant(s). | Index No.   800747/2013<br><br><br><br>**SUMMONS**<br><br><br>**The basis of the venue designated is:<br>Defendant Capital Management<br>Services, LP's Principal Place of<br>Business** |

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Erie at the office of the Clerk of the said Court at 92 Franklin Street, Buffalo, New York 14202 in the County of Erie, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: June 17, 2013
New York, New York

        **Law Offices of Robert S. Gitmeid & Assoc., PLLC**

        By: /s/ Stuart Werbin
          Stuart Werbin, Esq.
          11 Broadway, Suite 1310
          New York, NY 10004
          Tel (866) 707-4595 ext. 1004
          Fax (866) 460-5541
          Stuart.Werbin@gitmeidlaw.com
          Attorneys for Plaintiff

NOTE: The laws or rules of court provide that:

(a)  If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, within the County of Erie, you must appear and answer within TWENTY (20) days after such service; or

(b)  If this summons is served by delivery to any person other than you personally, or is served outside the County of Erie, or by publication, or by means other than personal delivery to you within the County of Erie, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

Defendants' Addresses:

698 ½ South Ogden St.
Buffalo, NY 14206

125 South West Street
Wilmington, DE 19801

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF ERIE

| | |
|---|---|
| JoAnn Hunter,<br><br>　　　　　　　　　　Plaintiff,<br><br>– against–<br><br><br>Capital Management Services, LP, and<br>Barclays Bank Delaware,<br><br>　　　　　　　　　　Defendant(s). | Index No.: 800747/2013<br><br>**VERIFIED COMPLAINT** |

Plaintiff JOANN HUNTER, by and through her attorneys, Law Offices of Robert S. Gitmeid & Associates, complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, JoAnn Hunter, is an adult residing in Charlotte, NC.

3. Defendant Capital Management Services, LP is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 698 ½ South Ogden St., Buffalo, NY 14206. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant Barclays Bank Delaware is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 125 South West Street, Wilmington, DE 19801.

5. Defendant Capital Management Services, LP is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant Capital Management Services, LP ("CMS") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Defendant Barclays Bank Delaware ("Barclays").

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. CMS sent Plaintiff a dunning letter dated June 10, 2013, agreeing to a settlement of Plaintiff's Barclays account.

10. This letter stated the following: "As representatives of our client, Barclay (sic) Bank Delaware, Capital Management Services, LP is authorized to accept less than the full amount. The settlement is in the amount of $1,894.29. The first part of $631.43 is due by 06/25/13. The second part in the amount of $631.43 is due by 07/25/13. The final part in the amount of $631.43 is due by 08/24/13."

11. Thus, CMS and Barclays acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of payments which Plaintiff would be required to make.

12. On or about June 10, 2013, Plaintiff made the first required timely payment of $631.43, in accordance with the agreement.

13. However, CMS and Barclays reneged on the agreement and refused to accept this payment.

14. CMS and Barclays refused to accept any further payments from Plaintiff, despite Plaintiff's attempts to pay.

15. CMS and Barclays reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

16. Since CMS and Barclays never intended to adhere to their settlement agreement with Plaintiff, their letter to Plaintiff confirming the settlement was fraudulent.

17. Their letter confirming the settlement was also false, deceptive, and misleading, in violation of the FDCPA.

18. CMS knew or should have known that its actions violated the FDCPA. Additionally, CMS could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless,

negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## FIRST CAUSE OF ACTION
(Breach of Contract)

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20 herein.

22. Defendants CMS and Barclays acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of payments which Plaintiff would be required to make.

23. Plaintiff made the first timely payment, in accordance with the agreement. However, CMS and Barclays reneged on the agreement and refused to accept this payment, nor any further payments from Plaintiff, despite Plaintiff's attempts to continue paying.

24. CMS and Barclays reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

25. As a result, Plaintiff has suffered actual and monetary damages.

## SECOND CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing)

26. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 25 herein.

27. By reason of the foregoing, Defendants breached the implied covenant of good faith and fair dealing implicit in their Settlement Agreement with Plaintiff.

28. As a result, Plaintiff has suffered actual and monetary damages.

WHEREFORE, Plaintiff demands that judgment in the sum of $15,000 be entered against Defendant as follows:

1) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of their breach of contract and breach of the implied covenant of good faith and fair dealing;

2) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of their committing common law fraud;

3) That judgment be entered against Defendant CMS for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

4) That judgment be entered against Defendant CMS for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

5) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

6) That the Court grant such other and further relief as may be just and proper.

Dated: June 17, 2013
New York, New York

        **Law Offices of Robert S. Gitmeid & Assoc., PLLC**

        By: /s/ Stuart Werbin
            Stuart Werbin, Esq.
            11 Broadway, Suite 1310
            New York, NY 10004
            Tel (866) 707-4595 ext. 1004
            Fax (866) 460-5541
            Stuart.Werbin@gitmeidlaw.com
            Attorneys for Plaintiff

## VERIFICATION BY ATTORNEY

State of New York      )
                       ) ss.:
County of New York     )

I, STUART WERBIN, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

I am an attorney associated with the Law Offices of Robert S. Gitmeid & Associates, attorneys for JOANN HUNTER, the plaintiff in the foregoing matter, with an office located at 11 Broadway, New York, NY 10004. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

The reason why this verification is made by deponent instead of plaintiff is because plaintiff is not within the County of New York which is the county where the deponent has his office.

Dated: New York, New York
June 17, 2013

/s/ Stuart Werbin
STUART WERBIN

## AFFIRMATION OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, Stuart Werbin, an attorney duly admitted to practice law in the State of New York, hereby affirm the following under penalty of perjury:

I am not a party to the action, I am over 18 years of age and have an office at 11 Broadway, Suite 1310, New York, New York 10004.

On the 18th day of June, 2013, I mailed the within SUMMONS AND VERIFIED COMPLAINT by depositing a true copy thereof enclosed in post-paid wrappers, in an official depository under the exclusive care and custody of the US Postal Service within New York State, addressed to the following Defendants:

Capital Management Services, LP
698 ½ South Ogden St.
Buffalo, NY 14206

Barclays Bank Delaware
125 South West Street
Wilmington, DE 19801

_____
STUART WERBIN



# NYSCEF - Erie County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

JoAnn Hunter - v. - Capital Management Services, LP et al

800747/2013

## Documents Received

| Doc # | Document Type | Motion # | Date Received |
|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | | 06/17/2013 06:15 PM |

## Filing User

| | | | |
|---|---|---|---|
| Name: | STUART DAVID WERBIN | | |
| Phone | 866-707-4595 ext. 1004 | E-mail Address: | stuart.werbin@gitmeidlaw.com |
| Fax #: | | Work Address: | 11 Broadway, Suite 1310<br>New York, NY 10004 |

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 06/17/2013 06:15 PM:

WERBIN, STUART DAVID - stuart.werbin@gitmeidlaw.com

NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.

E-mail: EFile@nycourts.gov    Phone: (646) 386-3033    Fax: (212) 401-9146    website: www.nycourts.gov/efile