UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOANN HUNTER,

                        Plaintiff,

  -v-                                                             13-CV-719C

CAPITAL MANAGEMENT SERVICES, LP,
and BARCLAYS BANK DELAWARE,

                        Defendants.

_____

      Plaintiff JoAnn Hunter commenced this action against Capital Management Services, LP ("CMS") and Barclays Bank Delaware ("Barclays") for breach of contract, breach of implied covenant of good faith and fair dealing, common law fraud, and the violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.  *See* Item 14 (Amended Complaint).  Presently before the court is defendants' joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Item 15.

## **BACKGROUND**

On June 17, 2013, plaintiff commenced this action with the filing of a summons and complaint in New York State Supreme Court, Erie County Item 1-1. Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1331, by Notice of Removal dated July 10, 2013. Item 1. In lieu of an answer, on July 19, 2013, defendants filed a motion to dismiss for failure to state a claim. Item 7.

Thereafter, on July 31, 2013, plaintiff filed an Amended Complaint, withdrawing the fraud claim and the factual allegations in support thereof. Item 14. On August 13, 2013, defendants jointly moved to dismiss plaintiffs Amended Complaint, arguing that plaintiff has failed to allege the existence of a contract. Item 15. On September 4, 2013, plaintiff filed a response in opposition to defendant's motion to dismiss. Item 23. Defendants filed a reply in support of their motion on September 30, 2013. Item 24. The court has determined that oral argument is not necessary. For the reasons that follow, the motion to dismiss is denied.

## **FACTS**

All of plaintiff's claims arise from the same facts. Plaintiff owes a consumer debt to Barclays that is currently in default for nonpayment. Item 14, ¶ 8. In an effort to recover the amount that plaintiff owed, Barclays enlisted CMS, a third party debt collection agency, to recover the account. *Id.*, ¶ 7. On Barclays' behalf, CMS reached an agreement to settle this debt with plaintiff for less than the full value. In a letter dated June 10, 2013, CMS conveyed the following offer to plaintiff:

> As representatives of our client, Barclay Bank Delaware, Capital Management Services, LP is authorized to accept less than the full amount. The settlement is in the amount of $1,894.29. The first part of $631.43 is due by 06/25/13. The second part in the amount of $631.43 is due by 07/25/13. The final part in the amount of $631.43 is due by 08/24/13.

*Id.*, ¶ 10. This proposal was communicated to plaintiff on a document generated by CMS entitled "settlement offer." Item 22-1. Then, on or about June 10, 2013, plaintiff sent CMS a payment of $631.43 to satisfy the first installment of this agreement. *Id.*, ¶ 12. However, CMS refused to accept this payment and to accept any future payment from plaintiff, effectively revoking the settlement offer. *Id.*, ¶¶ 15-16.

In opposition to the motion, plaintiff submitted the letter dated June 10, 2013 from CMS. Item 22-1. Additionally, she submitted a declaration of Kevin Rice, customer service and negotiations manager for National Debt relief ("NDR"), a debt settlement company. Item 23.[1] Mr. Rice stated that he negotiated a settlement of plaintiff's debt with CMS and reached an agreement on June 10, 2013. *Id.,* ¶ 4. The terms of the settlement agreement were reduced to writing and faxed to NDR that day. On June 10, 2013, plaintiff made the first payment, in acceptance of the offer. *Id.,* ¶ 5. On June 13, 2013, a representative of CMS informed NDR that the account had been recalled and that CMS and Barclays would not accept plaintiff's payment. *Id.,* ¶ 6.

## DISCUSSION

**1. Standard on a Motion to Dismiss**

In reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See*

---

[1] Defendants argue that the court may not consider this declaration without converting the motion to one for summary judgment and giving the defendants an opportunity for discovery. The court has decided the motion without regard to the Rice declaration.

*Cleveland v. Caplaw Enters*., 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.' " *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC,* 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

In *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the Supreme Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 (explaining that though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly,* 550 U .S. at 556–57 (internal citation omitted)).

In adjudicating this motion, the court is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F.Supp.2d 351, 356–57 (S.D.N.Y .2003) (internal citations omitted), *aff'd sub nom. Lentell v. Merrill Lynch Co.,* 396 F.3d 161 (2d Cir. 2005).

## 2. Breach of Contract & Breach of Implied Covenant of Good Faith and Fair Dealing

Defendants move to dismiss plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing causes of action on that ground that plaintiff's amended complaint fails to allege the existence of a contract. They acknowledge that the letter of June 10, 2013 constitutes an offer, but argue that there is no contract between the parties.

"To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent and intent to be bound." *Register.com, Inc. v. Verio, Inc.,* 356 F.3d 393, 427 (2d Cir. 2004). An offer is deemed accepted upon the offeree's dispatch of his or her acceptance. *Buchbinder Tunick & Co. v. Manhattan Nat. Life Ins. Co.*, 631 N.Y.S.2d 148, 150–51 (App. Div. 1995). Therefore, a contract "springs into existence" where the offeree dispatches her acceptance, even if the offeree later received a revocation. *Morton's of Chicago/Great Neck LLC v. Crab House, Inc.*, 746 N.Y.S.2d 317, 319 (App. Div. 2002) (citing *Wester v. Casein Co. of Am.*, 100 N.E. 488, 490 (N.Y. 1912)). In response to CMS's offer to settle, plaintiff made the first required timely payment of $631.43, in accordance with the settlement agreement. Plaintiff's

acceptance of the offer became effective, and a contact sprang into existence, at the time plaintiff sent the payment. Accordingly, plaintiff has sufficiently alleged the existence of a valid contract. As the only basis for defendants' motion seeking dismissal of the state law causes of action is their argument that plaintiff failed to allege the existence of a contract, the motion is denied.[2]

## 3. The FDCPA Claim

Plaintiff's remaining claim is for the violation of the FDCPA as against CMS. The FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of section 1692e set forth a non-exhaustive list of practices that fall within this ban; most of these practices concern patently false representations that assist the debt collector in recovery of the debt. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) (citing specific non-exhaustive

---

[2] Defendants argue that plaintiff's breach of contract action was premature, as the time for performance had not expired. This argument is unavailing. Where one party clearly and unequivocally repudiates his contractual obligations under a contract prior to the time performance is required, the non-repudiating party may deem the contract breached and immediately sue for damages. *See American List Corp. v. U.S. News & World Report*, 549 N.E.2d 1161 (N.Y.1989); *Long Is. R.R. Co. v. Northville Indus. Corp.*, 362 N.E.2d 558 (1977); *De Lorenzo v. Bac Agency Inc.*, 681 N.Y.S.2d 846, 848 (App. Div. 1998).

enumerated prohibited practices).  Plaintiff relies on subsection (10) which generally prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . .."  15 U.S.C. § 1692e(10).  A single violation of section 1692e is sufficient to establish civil liability under the FDCPA.  *See* 15 U.S.C. § 1692k (establishing civil liability for "any debt collector who fails to comply with any provision of this subchapter").

The most widely accepted test for determining whether a collection letter violates section 1692e is an objective standard based on the "least sophisticated consumer." This standard has been adopted by district courts in this circuit. *See, e.g., Britton v. Weiss*, 1989 WL 148663, at *2 (N.D.N.Y. Dec. 8, 1989); *Rabideau v. Mgmt. Adjustment Bureau*, 805 F.Supp. 1086, 1094 (W.D.N.Y. 1992); *Johnson v. NCB Collection Services*, 799 F.Supp. 1298, 1306 (D.Conn. 1992).  This standard has also been adopted by all federal appellate courts that have considered the issue. *See Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174-75 (11th Cir. 1985); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982).

In her Amended Complaint, plaintiff alleges that CMS violated section 1692e(10) by "falsely and deceptively inducing Plaintiff to enter into a settlement agreement which they did not intend to adhere to and/or intended to breach." Item 14, ¶ 31.  In the settlement offer, CMS represented that it acted on behalf of Barclays and was authorized to settle the debt for less than the full amount.  This statement was arguably untrue, as defendants revoked the settlement offer after plaintiff had accepted it.  Applying the least sophisticated consumer standard and accepting the truth of plaintiff's allegations, plaintiff has sufficiently alleged that the June 10, 2013 letter from CMS constitutes a false and/or misleading statement made in an effort to collect the debt.[3]  Plaintiff has thus alleged facts which plausibly give rise to an entitlement to relief under the FDCPA.  See Ashcroft, 556 U.S. at 679.  Accordingly, the defendants' motion to dismiss the FDCPA cause of action is denied.

## CONCLUSION

Defendants' joint motion to dismiss (Item 15) is denied.  The

---

[3] This is admittedly a close question, and neither party has identified a case that directly supports its position.

defendants are directed to file an answer to the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

So Ordered.

            ___\s\ John T. Curtin_____
              JOHN T. CURTIN
             United States District Judge

Dated:   December 19, 2013
p:/pending/2013/13-719.dec5.2013